IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Bernard McFadden, | ) | Civil Action No.: 6:09-cv-02437-RBH |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Simon Major, Director of Sumter Lee Regional Detention Center, in his individual or personal capacity; Capt. Ray Lee, Records Officer and Accountant, in his individual or personal capacity; | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee housed at the Sumter-Lee Regional Detention Center (SLRDC) in Sumter, South Carolina.

This matter is before the Court with the [Docket Entry 46] Report and Recommendation of United States Magistrate Judge Kevin F. McDonald[1] filed on June 15, 2010. In the Report, Magistrate Judge McDonald recommended that the Court should dismiss Plaintiff's Complaint for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff timely filed objections to the Report. *See* Obj. [Docket Entry 48].

**Procedural History and Background Facts**

Plaintiff brought this suit by way of his [Docket Entry 8] Amended Complaint, in which he alleges Defendants violated his constitutional rights. Specifically, Plaintiff alleges that the

---

[1] This matter was automatically referred to United States Magistrate Judge William M. Catoe pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. The case was reassigned to Magistrate Judge McDonald on June 1, 2010. *See* Docket Entry 44.

food portions at SLRDC are inadequate, he is not afforded large envelopes with postage or ink pens, he is not provided specific law books of his request, grievances are not always available, and notary services are not provided. Am. Compl. at 3-4. Plaintiff seeks both monetary and injunctive relief. *See id.* at 5.

On October 5, 2009, the Magistrate Judge entered an order granting Plaintiff permission to proceed *in forma pauperis*. *See* October 5 Order [Docket Entry 13]. The Order further informed the parties, specifically Defendants, of the deadline for filing dispositive motions. *See id.* at 3 ("[A]ll dispositive motions from the defendants must be filed no later than forty-five (45) days after the answer on behalf of that particular defendant has been filed."). On October 14, 2009, Plaintiff filed a letter with the Court regarding deadlines for filing discovery material. *See* Letter [Docket Entry 18]. Defendants subsequently filed their [Docket Entry 20] Answer on November 10, 2009.

On December 23, 2009, Defendants filed their [Docket Entry 25] Motion for Summary Judgment. Because Plaintiff is proceeding *pro se*, the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on December 29, 2009, advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond.

Also, on December 23, 2009, the Court received Plaintiff's [Docket Entry 26] Motion to Compel Discovery, Interrogatories, Admissions, and Productions.[2] Defendants opposed the

---

[2] Generally, a prisoner's pleading is deemed filed at the time of delivery to prison authorities for forwarding to the district court. *See Houston v. Lack*, 487 U.S. 266 (1988). Plaintiff's Motion to Compel was not date-stamped by the prison mail room. However, Plaintiff signed and dated the Motion to Compel on December 18, 2009, signed and dated the proof of service on December 21, 2009, and the envelope containing the Motion was date-stamped by the United States Postal Service as being mailed on December 22, 2009. Therefore, Plaintiff's Motion obviously was filed on or between December 18, 2009 and December 22,

2

Motion to Compel on January 11, 2010. *See* Response in Opp. [Docket Entry 32]. On January 12, 2010, Magistrate Judge Catoe entered an order denying Plaintiff's Motion. *See* January 12 Order [Docket Entry 34]. No objections were filed to that pretrial Order. In that Order, Magistrate Judge Catoe reminded Plaintiff that his opposition to the summary judgment motion was due on or before February 1, 2010. *See id.* at 2. Plaintiff thereafter failed to file a response to the summary judgment motion.

On April 13, 2010, Magistrate Judge Catoe issued an order regarding Plaintiff's failure to respond to the summary judgment motion. *See* April 13 Order [Docket Entry 37]. In that Order, Magistrate Judge Catoe commented that "it appear[ed] to the court that [Plaintiff] wishes to abandon this action." *See id.* at 1. Further, Magistrate Judge Catoe gave Plaintiff through May 10, 2010, to file his response to the summary judgment motion. Finally, Magistrate Judge Catoe advised Plaintiff that "if he fail[ed] to respond, this action [would] be subject to dismissal for failure to prosecute pursuant to F.R.Civ.P. 41(b), and the dismissal [would] be considered an adjudication on the merits, i.e., *with prejudice*." *Id.* at 1-2.

On April 20, 2010,[3] Plaintiff filed his [Docket Entry 39] Motion to Stay Proceedings for Apparent Retaliation, in which Plaintiff also sought a further extension of time to respond to the summary judgment motion. Magistrate Judge Catoe subsequently denied the Motion to Stay on May 12, 2010. *See* May 12 Order [Docket Entry 42]. However, in that Order, Magistrate Judge

---

2009. Giving Plaintiff the benefit of the earliest possible filing date, the Court considers Plaintiff's Motion filed on December 18, 2009.

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988). Plaintiff's motion to stay was not date-stamped by the prison mail room. However, Plaintiff signed and dated the motion on April 20, 2010, and the envelope containing the motion was date-stamped by the United States Postal Service as being mailed on April 24, 2010. Giving Plaintiff the benefit of the earliest possible filing date, the Court considers Plaintiff's motion filed on April 20, 2010.

3

Catoe granted Plaintiff an extension through June 9, 2010, in which to file his response to the summary judgment motion. *See id.* at 2. Also, Magistrate Judge Catoe once again advised Plaintiff that "if he fail[ed] to respond, this action [would] be subject to dismissal for failure to prosecute pursuant to F.R.Civ.P. 41(b), and the dismissal [would] be considered an adjudication on the merits, i.e., *with prejudice*." *Id.* Notwithstanding this Order, Plaintiff still failed to respond to the summary judgment motion.

Magistrate Judge McDonald then filed his Report and Recommendation on June 15, 2010, in which the Magistrate Judge recommends that this Court should dismiss Plaintiff's Complaint for lack of prosecution. Plaintiff subsequently timely objected to the Report.

### Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life*

*& Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Standard for Lack of Prosecution

Rule 41(b) of the Federal Rules of Civil Procedure states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

The Supreme Court of the United States has recognized that a "federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007) ("It has long been recognized that federal courts possess certain implied or inherent powers . . . . for example . . . the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute . . . ."); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) ("The district court ha[s] the authority under Rule 41(b) to dismiss the case with prejudice, on its own motion, for failure to prosecute.").

In considering whether to dismiss an action, with prejudice, pursuant to Rule 41(b), the court must "ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (quoting *Davis*, 588 F.2d at 70).

### Discussion and Plaintiff's Objections

Magistrate Judge McDonald recommends dismissal of Plaintiff's Complaint based on

Plaintiff's repeated failure to file his opposition to Defendants' summary judgment motion. In making this recommendation, Magistrate Judge McDonald notes that the Court warned Plaintiff multiple times that if he failed to respond to the summary judgment motion his Complaint would be dismissed for lack of prosecution. In his objections, Plaintiff does not dispute the fact that he has failed to respond to Defendants' summary judgment motion. Rather, he objects and argues the following: "[I]t would be plain error on the face of this Court's record to grant the Defendants' Motion for Summary Judgment when he [the Plaintiff] was given absolutely no specified time period for discovery in Cato[e]'s Order . . . ." Obj. at 2. Plaintiff contends that this "plain error" makes it "not possible to prosecute or otherwise respond to summary judgment." *Id.* at 1. After reviewing the record, Report, and Plaintiff's objections, the Court finds that Plaintiff's Complaint should be dismissed for lack of prosecution.

Plaintiff had notice of the deadline for Defendants' filing of dispositive motions. Magistrate Judge Catoe's October 5 Order[4] stated that "all dispositive motions from the defendants must be filed no later than forty-five (45) days after the answer on behalf of that particular defendant has been filed." Oct. 5 Order at 3. Therefore, when Defendants filed their answer on November 10, 2009, Plaintiff should have been aware that all dispositive motions, if any, were going to be filed by Defendants within forty-five (45) days of that date.

Additionally, it is undisputed that Plaintiff did, in fact, undertake some discovery in this matter. Defendants received Plaintiff's original discovery requests on November 16, 2009. *See*

---

[4] The Court mailed Magistrate Judge Catoe's Order to Plaintiff on October 5, 2009. It is undisputed that Plaintiff received the October 5 Order regarding the scheduling deadlines in this case. The Court received a letter from Plaintiff specifically referencing the October 5 Order on October 14, 2009. Additionally, the October 5 Order is referenced in Plaintiff's Objections currently before the Court. *See* Obj. at 1.

6

Resp. in Opp. at 1; *see also* Exh. A [Docket Entry 32-1]. Defendants subsequently responded to Plaintiff's initial discovery requests on December 14, 2009. *See* Exh. B [Docket Entry 32-2] at 2-21. While Plaintiff did file a motion to compel additional discovery, Magistrate Judge Catoe denied said motion on January 12, 2010. Magistrate Judge Catoe based the denial of Plaintiff's motion on the fact that Defendants had already responded to Plaintiff's timely filed initial discovery requests and that Defendants had filed their Motion for Summary Judgment. *See* Jan. 12 Order at 2. The Court notes that Plaintiff did not timely object to Magistrate Judge Catoe's January 12 Order, nor argue that it was clearly erroneous or contrary to law.

Finally, and most importantly, the Court repeatedly and specifically warned Plaintiff of the possible consequences if he failed to adequately respond to Defendants' summary judgment motion–i.e., that his complaint would be dismissed with prejudice for lack of prosecution. In all, the Court specifically issued such a warning to Plaintiff on three (3) separate occasions. The *Roseboro* Order, which this Court issued shortly after Defendants filed their summary judgment motion, advised Plaintiff of the motion for summary judgment procedure and stated that "if [Plaintiff] fail[ed] to respond adequately, the motion may be granted, thereby ending this case." *Roseboro* Order [Docket Entry 30] at 1. After the *Roseboro* Order, Plaintiff's initial deadline by which to file his response to the summary judgment motion was February 1, 2010. Magistrate Judge Catoe reminded Plaintiff of this deadline in his January 12 Order, which denied Plaintiff's Motion to Compel. Nevertheless, Plaintiff failed to respond to the summary judgment motion by February 1, 2010. On April 13, 2010, Magistrate Judge Catoe gave Plaintiff an extension through May 10, 2010, in which to file his response to the summary judgment motion. In that same order, Magistrate Judge Catoe specifically warned Plaintiff that "if he fail[ed] to respond,

7

this action [would] be subject to dismissal for failure to prosecute pursuant to F.R.Civ.P. 41(b), and the dismissal [would] be considered an adjudication on the merits, i.e., *with prejudice*." April 13 Order at 1-2. On April 20, 2010, still without filing his required response to Defendants' summary judgment motion, Plaintiff instead filed a motion to stay the proceedings. Magistrate Judge Catoe subsequently denied that motion, but granted Plaintiff through June 9, 2010, to respond to the summary judgment motion. *See* May 12 Order at 2. In that Order, Magistrate Judge Catoe once again specifically warned Plaintiff that "if he fail[ed] to respond, this action [would] be subject to dismissal for failure to prosecute pursuant to F.R.Civ.P. 41(b), and the dismissal [would] be considered an adjudication on the merits, i.e., *with prejudice*." *Id.* When Plaintiff once again failed to respond, Magistrate Judge McDonald issued his Report and Recommendation that Plaintiff's Complaint should be dismissed for lack of prosecution. Notwithstanding the multiple explicit warnings and multiple deadline extensions issued by the Court in this matter, Plaintiff still to date has not filed a response to Defendants' summary judgment motion.

Based on the foregoing, and after considering the elements as set forth in *Chandler Leasing Corp.*, the Court overrules Plaintiff's objections and finds that this case is subject to dismissal for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *see also Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989); *Chandler Leasing Corp.*, 669 F.2d 920. First, because Plaintiff is proceeding *pro se*, he is personally responsible for failing to respond. It is through solely his own actions, and not those of an attorney, that he has repeatedly failed to respond to Defendants' summary judgment motion. Second, the delay has caused Defendants significant prejudice. Not only has Plaintiff failed to respond to Defendants' motion, but he has instead filed motions of his own that

8

have required responses by Defendants. Due to Plaintiff's failure to respond, not only have Defendants carried the burden of remaining a defendant to a civil suit, but Defendants have been required to expend the time and costs associated with an ongoing litigation. Third, and most importantly, the record is replete with instances of Plaintiff acting in a dilatory manner. As more specifically noted above, the original deadline to file a response to Defendants' motion was February 1, 2010. However, Plaintiff failed to file a response to the summary judgment motion by that initial deadline. Moreover, Magistrate Judge Catoe granted Plaintiff multiple extensions of time in which to file his response to the summary judgment motion and warned Plaintiff of the possible consequences if he failed to adequately respond. Even with these explicit warnings and multiple deadline extensions, Plaintiff failed to file a response to Defendants' summary judgment motion. Finally, because of the procedural history of this case, the court finds that there are no effective sanctions less drastic than dismissal. In order to efficiently control the litigation in front of the court, and because Plaintiff has continually ignored the court's orders, deadlines, and warnings, the only possible effective sanction is dismissal of Plaintiff's case.[5] Accordingly, Plaintiff's case should be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all

---

[5]  In *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), the Fourth Circuit Court of Appeals held that "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Id.* at 95. Moreover, in dismissing that particular case, the Fourth Circuit noted the fact that the plaintiff had failed to obey an explicit warning of the Magistrate Judge. *Id.* at 96. The court stated that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order [was] a critical fact . . . ." *Id.*

of Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Plaintiff's case is hereby **DISMISSED** *with prejudice* for lack of prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

    **IT IS SO ORDERED.**

                                          s/R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
July 9, 2010